**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **JENNIFER MYERS** | : | **CASE NO.: 3:18-cv-00409** |
| **Plaintiff,** | : | **Judge Thomas Rose** |
| **vs.** | : | **MONTGOMERY COUNTY** |
| | | **DEFENDANTS REPLY IN SUPPORT** |
| **MONTGOMERY COUNTY** | : | **OF MOTION TO DISMISS** |
| **BOARD OF COMMISSIONERS, et al.** | | **PLAINTIFF'S COMPLAINT** |
| | : | **PURSUANT TO FED.** |
| **Defendants.** | | **R. CIV. P. 12(b)(6)** |

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Montgomery Board of County Commissioners and Montgomery County Sheriff Rob Streck, successor to former Montgomery County Sheriff Phil Plummer (hereafter "Montgomery County Defendants"), respectfully move this Court for an order dismissing all claims brought by Plaintiff against them. A Reply Memorandum in support of this Motion follows.

Respectfully submitted,

MATHIAS H. HECK, JR.
PROSECUTING ATTORNEY

By: /s/Benjamin A. Mazer
Benjamin A. Mazer (0087756)
Assistant Prosecuting Attorney
Montgomery County Prosecutor's Office
301 West Third Street, P.O. Box 972
Dayton, Ohio 45422
Telephone: (937) 496-7176
Fax Number: (937) 225-4822
E-mail:mazerb@mcohio.org

and

By:/s/Anne M Jagielski
Anne M. Jagielski (0093047
Assistant Prosecuting Attorney

1

Montgomery County Prosecutor's Office
301 W. Third Street
P.O. Box 972
Dayton, OH 45422
Telephone: (937) 496-7195
E-mail: jagielskia@mcohio.org

Attorneys for Defendants Montgomery
County Board of County Commissioners
and Montgomery County Sheriff

## MEMORANDUM IN SUPPORT

### I. INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Jennifer Myers filed her Complaint against Defendants Montgomery County Board of County Commissioners, former Montgomery County Sheriff Phil Plummer (now Sheriff Rob Streck) and former Corrections Officer Franco Villella on December 18, 2018. Doc. No. 1. A Motion to Dismiss all claims raised by the Plaintiff against the Montgomery County Defendants was filed on February 19, 2019. Doc No. 12. The Plaintiff filed a Memorandum in Opposition to the Motion to Dismiss on March 26, 2019. Doc. No. 14. Montgomery County Defendants now file this Reply Memorandum in Support of their Motion to Dismiss.

### II. FACTUAL ALLEGATIONS

Montgomery County Defendants adopt and restate the "Factual Allegations" set forth within their Motion to Dismiss. *See* Doc. No. 12.

### III. ARGUMENT

#### A. Federal Rule of Civil Procedure 25(d) provides for the automatic substitution of Montgomery County Sheriff Rob Streck as successor to Sheriff Plummer

As a preliminary matter, Montgomery County Defendants note pursuant to Fed. R. Civ. P. 25(d), current Montgomery County Sheriff Rob Streck, the successor in office to named Defendant former Sheriff Plummer, is automatically substituted as a party to this proceeding.

2

*See* Fed. R. Civ. P. 25(d)("The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded.")  Plaintiff asserts in her Memorandum in Opposition that Montgomery County Sheriff Streck has not been named a Defendant in the lawsuit, but acknowledges that Sheriff Plummer is no longer the Montgomery County Sheriff. Doc. No. 14, at PID 97.  Plaintiff asserts that the Montgomery County Defendants address their arguments for dismissal in favor of Sheriff Streck, who is not a party to the lawsuit, instead of Sheriff Plummer.

Any and all arguments made in the Montgomery County Defendants' Motion to Dismiss as to all claims against the Montgomery County Sheriff, in an individual or official capacity, apply equally in all respects as to former Sheriff Plummer and the current Sheriff, Rob Streck. Montgomery County Defendants reiterate and restate within this Reply Memorandum all arguments previously contained within their Motion to Dismiss and assert that any arguments as to failure to state a claim, insufficient facts plead or immunities contained within that Motion to Dismiss apply equally to both the current and former Sheriff, in all capacities. *See* Doc. No. 12.

Irrespective of whether the Plaintiff's individual capacity claims are against Sheriff Streck or former Sheriff Plummer, the Plaintiff has failed to allege facts indicating either Sheriff authorized, approved or knowingly acquiesced in the alleged unconstitutional behavior of Defendant Villella. Accordingly, the Plaintiff has failed to state an individual capacity claim against either Sheriff.

### B.  Plaintiff fails to respond to the arguments made in the Motion to Dismiss as to Plaintiff's Equal Protection Clause claims

The Montgomery County Defendants filed a Motion to Dismiss as to the Plaintiff's Equal Protection Clause claims. *See* Doc. No. 12, at PID 70-71. The Montgomery County Defendants

3

assert the Plaintiff has not set forth facts supporting disparate treatment or intentional discrimination. *See id.* Montgomery County Defendant's note for the record that the Plaintiff has failed to respond to the arguments made in the Motion to Dismiss. *See* Doc. No. 14. Accordingly, the Montgomery County Defendants respectfully request the Motion to Dismiss be granted as to the Plaintiff's Equal Protection Clause claim.

### C. Defendants Montgomery County and the Sheriff are Not Liable for the Alleged Excessive Use of Force by Defendant Villella

In Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff continually confuses and intertwines the municipality liability and the individual capacity liability of the Sheriff. Official capacity liability claims against the Sheriff are essentially claims against the municipality. *See Kentucky v. Graham*, 473 U.S. 159 (1985). Official capacity claims or municipality liability claims are addressed in a subsequent *Monell* section to this Memorandum.

As to individual capacity claims, Plaintiff fails to plead any facts in her complaint alleging that the Sheriff, either Sheriff Plummer or Sheriff Streck, are personally liable for the actions taken by Villella. Because Jennifer Myers was a pretrial detainee during the time in question, her claims are governed by the Fourteenth Amendment's substantive due process clause rather than the Eighth Amendment's prohibition against cruel and unusual punishment. However, as a general rule, the same standards apply to both. *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001).

To prevail on this claim of individual liability, plaintiff must demonstrate that the Sheriff's actions 1) deprived her of a right guaranteed by the Constitution or the laws of the United States, and 2) that deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Plaintiff fails to allege

specific facts regarding the Sheriff's personal relationship to this case.  For this reason alone, the individual capacity claim against the Sheriff should be dismissed.

Plaintiff only argues that the Sheriff should be held liable in his individual capacity under "supervisory liability."  "Supervisors are often one step or more removed from the actual conduct of their subordinates; therefore, the law requires more than an attenuated connection between the injury and the supervisor's alleged wrongful conduct." *Peatross v. City of Memphis*, 818, F.3d 233, 241 (6th Cir. 2016) (*citing Phillips v. Roane Cty.*, 534 F.3d 531, 538 (6th Cir. 2008).   Supervisory liability requires some "active unconstitutional behavior" on the part of the supervisor. *Peatross*, F.3d at 241 (*quoting Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). There must be some conduct on the part of the supervisor that directly relates to Plaintiff's alleged injury.  *See Gregory v. City of Louisville*, 44 F.3d 725 (6th Cir. 20016).   Mere negligence in Sheriff's alleged supervision is insufficient to support liability.   *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002).  The Sixth Circuit held:

> A supervisory official may not be held liable under § 1983 for the misconduct of those the official supervises unless the plaintiff demonstrates that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.  At the minimum plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.  Supervisory liability under § 1983 cannot be based upon a mere failure to act but must be based upon active unconstitutional behavior.

> *Combs*, 315 F.3d at 558. (Internal citations omitted).

In *Ashcroft v. Iqbal,* the Supreme Court ruled that because there is no *respondeat superior* liability available pursuant to 42 U.S.C. § 1983 actions, a supervisory official, like any other § 1983 defendant, can be held liable only on the basis of his or her own conduct that proximately caused a violation of the plaintiff's constitutional rights. *Ashcroft v. Iqbal,* 566 U.S.

662, 667 (2009). Plaintiff failed to plead that the Sheriff, either Sheriff Plummer or Sheriff Streck, encouraged the actions taken by Defendant Villella or actually participated in the actions. Plaintiff does not offer any allegations to support her "supervisory liability" theory, she merely argues that "Ms. Myers only asserts a municipal liability claim against Montgomery County through Sheriff Plummer in his official capacity" essentially conceding the argument that Sheriff Streck or Plummer are not individually liable. (See Doc#14, PAGEID#102). Therefore all the individual capacity claims against the Sheriff must be dismissed.

### D. Plaintiff's right to bodily integrity claim fails to set forth facts showing the Sheriff or County Commissioners ignored a *known* risk

Plaintiff contends in her Complaint that the Montgomery County Defendants violated her right to bodily integrity under the Substantive Due Process Clause of the Fourteenth Amendment by exhibiting deliberate indifference in their failure to protect the Plaintiff from a known risk associated with Defendant Villella. *See* Doc. No. 1, PID 11, at ¶¶ 68-72. Montgomery County Defendants filed a Motion to Dismiss as to Plaintiff's bodily integrity claim. *See* Doc. No. 12, at PID 68-70. Plaintiff's Memorandum in Opposition to this section of the Montgomery County Defendant's Motion to Dismiss fails to set forth any facts demonstrating that the Montgomery County Sheriff or County Commissioners were aware of any known risk associated with Defendant Villella and were deliberately indifferent towards it. *See* Doc. No. 14, at PID 101. The Plaintiff's entire response focuses solely on Defendant Villella's alleged sexual assault of the Plaintiff, but does not set forth any facts to support that Villella was a known risk of which the Montgomery County Defendants were aware of and ignored. *See* Doc. No. 14, at PID 101.

The Montgomery County Defendants note for the record and the Plaintiff acknowledges that the Plaintiff sets forth new factual allegations in the Plaintiff's Memorandum in Opposition that were not contained within the Complaint. *Id.* at PID 96. The new factual allegations, which

6

Plaintiff indicates are being set forth at this time because the Plaintiff now has a copy of Defendant Villella's personnel records, are that Defendant Villella received "a negative mark" on his performance evaluation for a "fail[ure] to roll gates" and "hous[ing] an inmate in the wrong location." *Id.* Plaintiff also restates her factual allegations from the Complaint that Defendant Villella stalked her prior to the incident and made inappropriate comments to her while she was an inmate within the jail. *See* Doc. No. 1, at PID 96. Plaintiff does not contend or set forth facts to show that the Montgomery County Defendants were aware of any alleged stalking or inappropriate comments prior to the alleged incident. Plaintiff's suggestion that a "negative mark" on a performance evaluation for a failure to properly "roll gates" and mistakenly placing another inmate in the wrong housing location results in Villella being a known risk for sexual assault fails to be logical in all respects. These mistakes, even if taken as true, do not make Defendant Villella a known risk for sexual assault.

Although Plaintiff does not raise an inadequate screening claim against the Montgomery County Defendants, the standard for such a claim is instructive as it relates to this particular issue, as Courts have found "the connection between the background of the particular [employee] and the specific constitutional violation must be strong." *See Pineda v. Hamilton County,* No. 1:15-CV-693, 2016 WL 950362, *5 (S.D. Ohio Mar. 15, 2016). Pleading the mere existence of some prior misconduct does not suffice. *See Sweat v. Butler,* 90 F.Supp.3d 773, 783 (W.D. Tenn. 2015)(dismissing inadequate screening claim because "Plaintiffs [did] not provide any facts displaying a connection between prior incidents of misconduct and the harm suffered in this case."); *see also Wilson v. Trumbull County Dept. of Job and Family Services,* No. 4:12 CV 02163, 2013 WL 5820276, at *12 (N.D. Ohio Oct. 29, 2013)("There are no allegations in the

Complaint suggesting that some deficiency in [Defendants'] history or background would make it 'highly likely' that they would inflict the 'particular injury' suffered by Plaintiffs herein […]").

Even if taken as true, it is objectively unreasonable to conclude that a failure to properly roll a cell's gates or a mistake with regards to the housing assignment of an inmate would make it "highly likely" that Defendant Villella would inflict the "particular injury" alleged by Plaintiff, namely sexual assault. As argued in the Montgomery County Defendants' Motion to Dismiss, this instant matter is analogous to *Hovater v. Robinson* and *Barney v. Pulsipher*. *See Hovater v. Robinson,* 1 F.3d 1063, 1068 (10th Cir. 1993); *Barney v. Pulsipher,* 143 F.3d 1299, 1310 (10th Cir. 1998). In *Hovater,* the Tenth Circuit determined the Sheriff was entitled to qualified immunity as to the Plaintiff's bodily integrity claim, holding:

> Sheriff Hill had no knowledge that Mr. Robinson was a threat to the female inmates. Any known harm could stem only from the mere fact of Mr. Robinson's gender. […] Had Sheriff Hill possessed information that Mr. Robinson as an individual posed a threat to the safety of female inmates, our decision would be different. […] Sheriff Hill is entitled to qualified immunity.

*Hovater v. Robinson,* 1 F.3d 1063, 1068 (10th Cir. 1993).

As in *Hovater,* the Plaintiff has not set forth any facts to support Defendant Villella was a known risk for the type of harm that Plaintiff alleges she incurred in the instant matter. Further, Plaintiff has failed to make it plausible on its face that the Montgomery County Defendants were deliberately indifferent or ignored any known risk of harm. Plaintiff's bodily integrity claim must be dismissed as to the Montgomery County Defendants.

### E. Plaintiff fails to plead requisite facts in support of any of her theories for *Monell* liability.

As argued in Montgomery County Defendants' Motion to Dismiss, Plaintiff's claims against the Montgomery County Sheriff in his official capacity is superfluous or redundant with the Plaintiff's claims against Montgomery County. *Day v. DeLong*, 358 F.Supp.3d 687

(S.D.Ohio 2019), reconsideration denied, S.D.Ohio No. 3:16-CV-4372019 WL 1081348. In the instant matter, the Montgomery County Board of Commissioners is named and therefore, Montgomery County stands accused of all of the claims raised by the Plaintiff that are also raised against the Montgomery County Sheriff in his official capacity. As these claims are superfluous, it is proper for the claims against the Sheriff in his official capacity to be dismissed.

As set forth in Montgomery County Defendants' Motion to Dismiss, there are four theories of municipal liability for *Monell* purposes that the Plaintiff may elect to pursue: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence [to] federal rights violations." *Burgess v. Fischer,* 735 F.3d 462, 478 (6th Cir. 2013); *accord Boulton v. Swanson*, 795 F.3d 526, 531 (6th Cir. 2015).

It appears from Plaintiff's Memorandum in Opposition to the Montgomery County Defendants' Motion to Dismiss that the Plaintiff is pursuing a theory of *Monell* liability under the third and fourth theories of liability or a combination thereof, arguing that Montgomery County has a custom of failing to train or supervise correctional staff. *See* Doc. No. 14, PID 104. In her Memorandum in Opposition the Plaintiff argues, "Ms. Myers need not prove that an official policy existed, but only that there was a widespread custom of Sheriff Plummer's failure to supervise and discipline the Montgomery County Jail corrections officers." *Id.* The Plaintiff expands somewhat on her argument under the fourth theory of liability, the existence of a custom of tolerance to constitutional violations, by arguing that the Montgomery County jail has a custom or pattern of excessive use of force against inmates. *See id.* The Plaintiff asserts, "The Montgomery County Jail corrections officers had a clear and persistent pattern of using

excessive force against inmates and the custom of Sheriff Plummer's failure to supervise the corrections officers at the jail caused this conduct. The lawsuits against Montgomery County for excessive force […] are sufficiently similar to the excessive force used by Villella […]." *Id.*

The Montgomery County Defendants' Motion to Dismiss addresses all four potential theories of *Monell* liability. *See* Doc. No. 12, at PID 71-85. To the extent that the Plaintiff has failed to address the arguments made by the Montgomery County Defendants with respect to a ratification or unlawful policy theory, it appears that these theories have been waived or are no longer being pursued. As it relates to a *Monell* theory premised on a policy of inadequate training, supervision or discipline, the deficiencies with this argument as presented by the Plaintiff are set forth in the Montgomery County Defendants' Motion to Dismiss. *See* Doc. No. 12, at PID 78-85.

First, as it pertains to a failure to train, supervise or discipline, the Plaintiff has failed to set forth any facts to support inadequate training, supervision or discipline. In order to state a claim for failure to supervise or train, the Plaintiff must state facts to support that (1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the entity's use of force or deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury. *Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.,* 455 F.3d 690, 700 (6th Cir. 2006). Conclusory statements and use of phrases such as "failure to train" and "failure to supervise" are meaningless without any factual allegations. *Johnson v. Gannon,* No. 3:09-0551, 2010 WL 1658616, at *4 (M.D. Tenn. Apr. 23, 2010)(internal citations omitted).

Plaintiff sets forth no facts to support that any failure to train, supervise or discipline was closely related to or actually caused the injury the Plaintiff alleges. Even if the Court assumes for purposes of this Motion to Dismiss that the Plaintiff has set forth sufficient facts to make it

10

plausible on its face that Defendant Villella violated the Plaintiff's constitutional rights, the Plaintiff's supervisory liability claim still fails as a matter of law, since mere "ratification" of conduct by failing to investigate the incident and failing to discipline is insufficient to make supervisors liable for their subordinates conduct. *Day v. DeLong*, 358 F.Supp.3d 687 (S.D.Ohio 2019), reconsideration denied, S.D.Ohio No. 3:16-CV-4372019 WL 1081348. "A plaintiff must present evidence that supervisors 'did more than play a passive role in the alleged violation…. Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act.'" *Id.* Plaintiff has no facts to support that the Montgomery County Defendants played anything more than a passive role in Defendant Villella's alleged conduct.

There are "two situations justifying a conclusion of deliberate indifference in claims of failure to train or supervise. 'One is failure to provide adequate training in light of foreseeable consequences that could result from a lack of instruction.... A second type of ... deliberate indifference is where the city fails to act in response to repeated complaints of constitutional violations by its officers.'" *Id.; Winkler v. Madison Cty.*, 893 F.3d 877, 902-03 (6th Cir. 2018) (quoting *See Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700-01 (6th Cir. 2006) ); see also *Brown v. Shaner*, 172 F.3d 927, 931 (6th Cir. 1999). Plaintiff has failed to set forth any facts making it plausible on its face that constitutional deprivations similar to the one alleged by the Plaintiff, a sexual assault by a corrections officer, have occurred at previous times and that the Montgomery County Defendants were on notice of their occurrences, but were deliberately indifferent to the conduct.

Montgomery County Defendants note that the Plaintiff has not adequately distinguished or rebutted the persuasive and relevant case law provided to the Court by the Defendants holding that "a single act of sexual misconduct by a police officer cannot form the basis of municipal

liability under a failure to train theory" and "no specific training [i]s necessary to inform officers not to rape or sexually assault women in their custody. *See Campbell v. Anderson Cty.,* 695 F. Supp.2d 764, 774 (E.D. Tenn. 2010); *See also Doe #1 v. Cravens,* 2018 WL 1522401, *2 (Mar. 28, 2018); *See also Andrews v. Fowler,* 98 F.3d 1069, 1077 (8th Cir. 1996)("In light of the regular law enforcement duties of a police officer, we cannot conclude that there was a patently obvious need for the city to specifically train officers not to rape young women.")

As it relates to an alleged failure to supervise, the Plaintiff likewise fails to rebut the case law cited to by the Montgomery County Defendants that states the requirement for a failure to supervise *Monell* claim that "the risk of a constitutional violation arising as a result of the inadequacies in the municipal policy must be plainly obvious." *Gregory v. City of Louisville,* 444 F.3d 725, 752 (6th Cir. 2006); *Campbell v. Anderson Cty.,* 695 F.Supp.2d 764, 775 (E.D. Tenn. 2010). As articulated in the Montgomery County Defendants' Motion to Dismiss, the plainly obvious consequence of a failure to supervise a male officer who is alone with female inmates cannot be sexual assault.

In *Campbell v. Anderson Cty.,* the Court was faced with the same inquiry, whether an alleged rape by a police officer was the plainly obvious consequence of a lack of supervision. *Campbell v. Anderson Cty.,* 695 F.Supp.2d 764, 775 (E.D. Tenn. 2010). In doing so, the Court determined "[t]he link between the County's alleged lack of supervision and Campbell's alleged rape is too tenuous […]." *Id.* The Court went on to conclude that being able to prove opportunity is not the same thing as being able to prove that the County's lack of supervision was a "moving force" behind the deprivation of Plaintiff's rights and arose as a result of a "deliberate indifference" to those rights. *Id.* Plaintiff has not set forth facts showing that the plainly

obviously consequence of a lack of supervision in the instant matter was a sexual assault on the Plaintiff.

Additionally, as it relates to a supposed failure to discipline for *Monell* purposes, the Plaintiff has not set forth any facts to support that prior instances of unconstitutional conduct of a substantially similar nature have been committed by corrections officers without a consequence of investigation or discipline. To the extent that Plaintiff contends a post-injury ratification, as it relates to the alleged conduct of Defendant Villella in the instant matter, post-injury ratifications of conduct are not actionable, because "[w]rongful conduct after an injury cannot be the proximate cause of the same injury." *Tompkins v. Frost,* 655 F.Supp. 468, 472 (E.D. Mich. 1987). As it pertains to Defendant Villella's supposed prior misconduct, failure to properly roll the gates to a cell and placement of an inmate in an incorrect housing location, Plaintiff acknowledges that these errors were documented in Defendant Villella's performance evaluation, for which he received "a negative mark." Again, these particular instances of "misconduct" are relatively minor and wholly unrelated to the constitutional deprivations alleged in the Complaint.

Finally, as it pertains to allegations of a pattern or custom of excessive use of force in the Montgomery County Jail for *Monell* purposes, the Plaintiff does not provide any prior instances of sexual assault in the Montgomery County Jail that the Montgomery County Defendants possessed notice of prior to the alleged incident involving Defendant Villella. Plaintiff points to various lawsuits alleging excessive use of force generally, none of which have resulted in findings of constitutional violations, and all of which are materially factually distinct from the allegations contained within Plaintiff's Complaint. None of the prior lawsuits or alleged patterns of excessive use of force pointed to by the Plaintiff include allegations of sexual assault. To

show a custom or practice of inaction in the face of unlawful conduct, Plaintiff would have to present proof of a persistent pattern of unconstitutional conduct, and constructive notice of that pattern. *Day v. DeLong*, 358 F.Supp.3d 687 (S.D.Ohio 2019), reconsideration denied, S.D.Ohio No. 3:16-CV-4372019 WL 1081348; *Winkler v. Madison Cty.*, 893 F.3d 877, 902-03 (6th Cir. 2018) (citing *D'Ambrosio v. Marino*, 747 F.3d 378, 387-88 (6th Cir. 2014)). As it relates to sexual assault, the Plaintiff discusses only the alleged sexual assault perpetrated by Defendant Villella and therefore, Plaintiff cannot establish a custom of deliberate indifference. A plaintiff cannot rely solely on a single instance to prove the existence of an unconstitutional claim. *Thomas v. City of Chattanooga,* 398 F.3d 426, 433 (6th Cir. 2005). The lawsuits referenced by the Plaintiff consist of allegations of excessive use of force generally and accusations of the misapplication of sanctioned law enforcement tools such as pepper spray, tasers, restraint chairs or fists.

"Without notice that a course of training is deficient in a particular respect, decision-makers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick v. Thompson,* 563 U.S. 51, 62, 131 S.Ct. 1350, 1360, 179 L.Ed.2d 417 (2011). Further distinguishing the alleged deprivations in the instant matter from the lawsuits pointed to by the Plaintiff is the simple fact that this matter involves allegations of sexual assault, for which there is an established body of federal case law that holds the obvious consequence of inadequate training and a lack of supervision is not sexual assault by a corrections officer. *See* Doc. No. 12, at PID 71-85. Plaintiff's *Monell* claims fail as a matter of law.

> **F.  Plaintiff has plead insufficient facts to show deliberate indifference in order to establish a failure to protect claim.**

The Montgomery County Defendants note for the record that the Plaintiff appears to be adding a new claim or cause of action, a failure to protect claim, in her Memorandum in Opposition. Doc. No. 14, PID 110. The Montgomery County Defendants do not see this particular claim plead in the Complaint. Doc. No. 1. To the extent that this is a new claim or cause of action that was not plead in the Complaint, the Montgomery County Defendants request the dismissal of the claim on the grounds that it was not adequately plead in the Complaint. *See Williams v. United States,* S.D.Ohio No. 1:16-CV-867, 2017 WL 2275564, *2, report and recommendation adopted, S.D.Ohio No. 1:16CV8672017 WL 2265591 ("While '[i]t is axiomatic that a plaintiff cannot add new claims to his complaint in an opposition to a motion to dismiss' even if such claims had been properly raised, however, Plaintiff has still not stated a sufficient claim.")

Should the Court consider this claim derivative of one of the claims plead in the original Complaint, the Montgomery County Defendants argue that this claim should be dismissed for failure to plead sufficient facts making it plausible on its face that the Montgomery County Defendants were deliberately indifferent to a known, substantial risk of harm. As a preliminary matter, the Plaintiff brings her failure to protect claim pursuant to the Eighth Amendment. Doc. No. 14, at PID 110. As the Plaintiff was a pre-trial detainee, her rights arise under the Fourteenth Amendment as opposed to the Eighth Amendment. *See* Doc. No. 1, at PID 3, ¶ 8; *See Richko v. Wayne Cty., Mich.,* 819 F.3d 907, 915 (6th Cir.2016).

In analyzing a deliberate indifference to a substantial risk of serious harm claim in the context of allegations of a failure to protect, the Plaintiff must state sufficient facts to make it plausible on its face that the Montgomery County Defendants exposed the Plaintiff to a substantial risk of serious harm and then each named Defendant individually disregarded said

15

risk. *Richko v. Wayne Cty., Mich.,* 819 F.3d 907, 915–16 (6th Cir.2016). This rubric requires the Plaintiff to supply sufficient facts as to both a subjective and an objective component. *Id.* The Plaintiff can demonstrate sufficient facts pertaining to the objective component by showing that, "*absent reasonable precautions*, an inmate is exposed to a substantial risk of serious harm. *Id.; see also Amick v. Ohio Dep't of Rehab. & Corr.,* 521 Fed. Appx. 354, 361 (6th Cir. 2013)(emphasis added). A plaintiff can satisfactorily plead facts in support of the subjective component by showing (1) "the official being sued subjectively perceived facts from which to infer a substantial risk to the prisoner," (2) the official "did in fact draw the inference," and (3) the official "then disregarded that risk." *Richko,* 819 F.3d 907, 915-16 (6th Cir. 2016).

There are no facts plead to support that the Montgomery County Defendants failed to take reasonable precautions, which lead to the Plaintiff being exposed to a substantial risk of serious harm, as is required by the objective component. Even if Plaintiff was exposed to a substantial risk of harm, the Plaintiff has failed to plead facts showing that the Montgomery County Defendants failed to take reasonable precautions, whether it be in their hiring practices or otherwise. There are no facts in the record to suggest that Defendant Villella was a known risk of the type of harm the Plaintiff alleges transpired in the instant matter. The most Plaintiff can point to as it relates to Defendant Villella was an instance of failure to properly roll the gates of a cell and an occurrence of failing to properly house an inmate in the correct housing location. The Plaintiff has not supplied sufficient facts to demonstrate that Defendant Villella was a known risk of serious harm and that the Montgomery County Defendants failed to take reasonable precautions as it related to a known risk.

As it pertains to the subjective component of deliberate indifference, it is required that the test is applied to each named Defendant individually. It is well-established that "[t]his subjective

16

component [of a deliberate-indifference claim] must be addressed for each officer individually." *Richko v. Wayne Cty., Mich.,* 819 F.3d 907, 916 (6th Cir.2016). The Plaintiff must plead sufficient facts to show that the Montgomery County Sheriff personally, as a named Defendant, possessed the requisite level of culpability to satisfy the subjective component. *Id.; See also Phillips v. Roane Cty., Tenn.,* 534 F.3d 531 (6th Cir. 2008). In the instant matter, the Plaintiff has provided no set of facts to make it plausible on its face that either Sheriff Streck or former Sheriff Plummer possessed the requisite degree of culpability to demonstrate *actual* knowledge of any known risk of harm. Plaintiff inadequately makes a broad, conclusory and sweeping statement that alleges that the Sheriff was aware that corrections officers in general in the Montgomery County Jail posed a risk of harm to inmates. This is insufficient and fails to demonstrate with requisite particularity that the Montgomery County Defendants were aware of any known risk of harm related to Defendant Villella or sexual assault generally.

Lastly, Plaintiff relies on the Sixth Circuit holding reached in *Curry v. Scott* and argues the instant matter is comparable. *See* Doc. No. 14, at PID 110-112; *See also Curry v. Scott*, 249 F.3d 493, 496–97 (6th Cir.2001). The instant matter is materially distinguishable from the facts and circumstances before the Sixth Circuit in *Curry.* In the Sixth Circuit's decision in *Curry,* the Court found material fact precluded summary judgment in the defendant's behavior based on the evidence submitted to the Court, which included an "employment record contain[ing] a great deal of evidence concerning […] discrimination against African-Americans and [the defendant's] propensity to use force against inmates and cause injury to them," affidavits of the defendant's former co-workers and an internal memorandum expressing concern that the defendant's behavior may endanger inmates. *Curry v. Scott*, 249 F.3d 493, 507–08 (6th Cir.2001). The

district court in *Curry v. Scott* found the defendant's employment record to be "deplorable." *Id.* at 507.

The Plaintiff, as she indicates in her Memorandum in Opposition, has Defendant Villella's personnel file at this time and all she can point to is a "bad mark" on a performance evaluation for failing to properly roll the gates of a cell and incorrectly housing an inmate. This is not comparable to the facts before the Court in *Curry,* in which the defendant's employment record was "deplorable." The Plaintiff has failed to set forth sufficient facts to show that the County Defendants had any knowledge of a substantial risk of harm. Accordingly, the Plaintiff has failed to state a deliberate indifference failure to protect claim.

### G. Plaintiff has failed to plead sufficient facts that Defendants Montgomery County and the Sheriff were deliberately indifferent to Plaintiff's Serious Medical Need

The Supreme Court held in *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) that deliberate indifference to serious medical needs of prisoners constitutes a violation of the Eight Amendment. As noted above, claims brought by pretrial detainees, such as the Plaintiff, are governed by the Fourteenth Amendment; however, the Eighth Amendment standards apply. *Watkins*, 272 F.3d at 685-86. To support a constitutional claim of deliberate indifference a plaintiff must show more than mere negligence. *Farmer v. Brennan*, 511 U.S. 825, 860 (1994). A Section 1983 claim asserting a constitutional violation for denial of medical care has objective and subjective components. *Estelle v. Gamble*, 429 U.S. 97, citing *Bell v. Wolfish*, 441 U.S. 520, 545, 99 S.Ct. 1861, 60 L. Ed. 2d 447 (1979). The objective component requires the existence of a "sufficiently serious" medical need. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed 811 (1994). The subjective component requires that the defendant know about the serious medical need and purposefully ignored it. *Id.* For liability to attach under the subjective analysis,

18

the state official must have "recklessly disregarded" a "substantial risk of serious harm." *Comstock v. McCrary,* 273 F.3d 693, 703 (6th Cir. 2001).

Plaintiff's options for satisfying the objective component of deliberate indifference to serious medical need are to set forth facts demonstrating an *obvious need* for medical care that laymen would readily discern as requiring prompt medical attention by competent health care providers or in the alternative, to allege a delay in medical treatment, which necessitates placing verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment. *Napier v. Madison Cty., Ky.,* 238 F.3d 739 (6th Cir. 2001); *Blackmore v. Kalamazoo Cty.,* 390 F.3d 890, 895 (6th Cir. 2004). The Plaintiff appears to take an approach where she argues both delay of medical care and obvious need, by alleging that her emotional injuries worsened in the "several hours" that passed before she was transported to the hospital. *See* Doc. No. 14, at PID 107-109. The Plaintiff has not set forth facts in the record to support the detrimental effect of the delay on Plaintiff's emotional injuries nor sufficient facts identifying the extent and nature of Plaintiff's physical injuries supporting the *obvious need* theory of deliberate indifference.

As to the subjective component, a plaintiff must show that the defendant had a "sufficiently culpable state of mind." *Harrison v. Ash,* 539 F.3d 510, 518 (6th Cir.2008).  The state of mind requirement is shown "where the official knows of and disregards the substantial risk of serious harm facing the detainee." *Id.*  As to the Sheriff individually, the Plaintiff must allege facts indicating that the Sheriff "at least implicitly authorized, approved, or knowingly acquiesced in [some] unconstitutional conduct." *Newberry v. Melton*, 726 Fed.Appx.290, 295 (2018).  There are no alleged facts that the Sheriff personally knew of the alleged incident when it occurred and was therefore deliberately indifferent to the Plaintiff's medical needs

19

immediately arising therefrom. Plaintiff does not supply facts to support that the Sheriff had personal knowledge of inadequate medical care or a delay in medical care to the Plaintiff immediately following the alleged incident at the time of the occurrence. The Plaintiff sets forth no facts to demonstrate that the Sheriff was aware that the Plaintiff's condition was allegedly worsening as she awaited transportation to the hospital. Because there are no facts to support that the Sheriff knew about Plaintiff's medical needs, he could not have been deliberately indifferent to them. *See Id.,* at 295-96. For this reason, the Sheriff is entitled to qualified immunity.

Furthermore, Federal Courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law. *Evertt v. Nort*, 547 Fed.Appx.117, 121 (3d Cir. 2013). As such, neither an inmate's disagreement with the professional judgment of trained medical staff, nor the subjective dissatisfaction with the care he was provided, is sufficient to establish deliberate indifference. *Hairston v. Director Bureau of Prisons*, 563 Fed.Appx. 893, 895 (3d Cir. 2014); *White v. Napolean*, 897 F.2d 103, 110 (3d Cir. 1990); *Andrews v. Camden Cnty.*, 95 F.Supp. 2d 217, 228 (D.N.J.2000). "When a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Plaintiff alleges that after the jail staff collected her jumpsuit she was wearing, which she stated contained forensic evidence, she was eventually transported to Miami Valley Hospital and received medical attention. Compl. ¶ 15-17. Plaintiff failed to allege sufficient facts to show that Defendants Montgomery County and the Sheriff were deliberately indifferent to Plaintiff's serious medical need.

Plaintiff argues that being placed in "a cold cell with no blanket, mat or pillow for hours" is evidence that Defendants Montgomery County and the Sheriff were deliberately indifferent to her serious medical need.  Compl. ¶15.  Plaintiff's claim of a cold cell with no blanket and mattress does not fit in the context of treating Plaintiff with a serious medical need but rather is more appropriately considered a conditions of confinement claim.  *See Villegas*, 709 F.3d at 569-70 (explaining that a claim by a pregnant detainee for shackling during childbirth did not fit into the typical medical-needs fact patterns, i.e., where a detainee is deprived of medical care or where officials interfere with a prescribed treatment plan); *Chappell v. Mandeville*, 706 F.3d 1052, 160-61 (9th Cir. 2013) (analyzing claim based on mattress as a conditions of confinement case); *Jones v. Toombs*, 77 F.3d 482 (6th Cir. 1996) (unpublished) (finding no unconstitutional conditions of confinement where inmate was deprived of a mattress for a two-week period, and rejecting medical-needs claim because the officers "did not intentionally deny or delay access to medical care or intentionally inference with any treatment").

Plaintiff, in her complaint, never alleges that the conditions of confinement in the Montgomery County Jail violated her Fourteenth Amendment rights. Even had Plaintiff elected to do so, the conditions she alleges do not state an actionable constitutional claim as a matter of law.  Therefore, Plaintiff's claims of deliberate indifference to serious medical need must be dismissed against the Montgomery County Defendants.

### H. County Defendants are entitled to statutory immunity pursuant to Ohio Revised Code § 2744 and § 311.05 from Plaintiff's state law claims of breach of duty of care and intentional infliction of emotional distress.

Montgomery County Defendants note for the record that the Plaintiff did not respond on the merits to the Defendants' Motion to Dismiss as it relates to the state law immunities afforded the Montgomery County Sheriff and Montgomery County.  Plaintiff does not set forth facts to

establish an exception to statutory immunity. Accordingly, the Montgomery County Defendants request the dismissal of all state law claims.

## IV.    CONCLUSION

For the aforementioned reasons, the Montgomery County Defendants respectfully request their Motion to Dismiss be granted.

Respectfully submitted,

MATHIAS H. HECK, JR.
PROSECUTING ATTORNEY

By: /s/Benjamin A. Mazer
Benjamin A. Mazer (0087756)
Assistant Prosecuting Attorney
Montgomery County Prosecutor's Office
301 West Third Street, P.O. Box 972
Dayton, Ohio 45422
Telephone: (937) 496-7176
Fax Number: (937) 225-4822
E-mail:mazerb@mcohio.org

and

By:/s/Anne M Jagielski
Anne M. Jagielski (0093047
Assistant Prosecuting Attorney
Montgomery County Prosecutor's Office
301 W. Third Street
P.O. Box 972
Dayton, OH 45422
Telephone: (937) 496-7195
E-mail: jagielskia@mcohio.org

Attorneys for Defendants Montgomery
County Board of County Commissioners
and Montgomery County Sheriff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 5, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties in this case registered with the CM/ECF system, or, if they are not registered users, by mailing a copy via certified United States mail.

By: <u>/s/Benjamin A. Mazer</u>
Benjamin A. Mazer