# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JENNIFER MYERS, | : | Case No. 3:18-cv-00409 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| MONTGOMERY COUNTY BOARD OF COMMISSIONERS, et al. | : | |
| | : | |
| Defendants. | | |

---

### ENTRY AND ORDER ALLOWING LIMITED SUR-REPLY TO MOTION OF DEFENDANTS MONTGOMERY COUNTY BOARD OF COUNTY COMMISSIONERS AND MONTGOMERY COUNTY SHERIFF ROB STRECK TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) (DOC. 12)

---

This case is before the Court on the Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 12) of Defendants Montgomery County Board of County Commissioners and Montgomery County Sheriff Rob Streck (the "Motion"). The Court has reviewed the Motion, as well as the Plaintiff's Response memorandum to the Motion (Doc. 14), and the Reply memorandum in support of the Motion (Doc. 15).

Despite the title of the Motion indicating that it is only brought by Defendants Montgomery County Board of County Commissioners (the "Board") and Montgomery County Sheriff Rob Streck ("Streck"), it is readily apparent from the parties' briefing that the Motion also seeks dismissal of all claims against Defendant Phil Plummer, Montgomery County Sheriff ("Plummer")—including in his individual capacity. The Court considers the Motion to be brought by the following Defendants to dismiss all claims against them: (1) Defendant Montgomery County Board of County Commissioners; (2) Defendant Phil Plummer, Montgomery County

1

Sheriff; and (3) Montgomery County Sheriff Rob Streck.

Recognition that the Motion seeks dismissal of all claims against Plummer, as well as against the Board and Streck, is most explicitly shown in the Reply memorandum when it states:

> Any and all arguments made in the Montgomery County Defendants' Motion to Dismiss as to all claims against the Montgomery County Sheriff, in an individual or official capacity, apply equally in all respects as to former Sheriff Plummer and the current Sheriff, Rob Streck. Montgomery County Defendants reiterate and restate within this Reply Memorandum all arguments previously contained within their Motion to Dismiss and assert that any arguments as to failure to state a claim, insufficient facts plead or immunities contained within that Motion to Dismiss apply equally to both the current and former Sheriff, in all capacities. *See* Doc. No. 12.
>
> Irrespective of whether the Plaintiff's individual capacity claims are against Sheriff Streck or former Sheriff Plummer, the Plaintiff has failed to alleged facts indicating either Sheriff authorized, approved or knowingly acquiesced in the alleged unconstitutional behavior of Defendant Villella. Accordingly, the Plaintiff has failed to state an individual capacity claim against either Sheriff.

(Doc. 15 at PAGEID # 116.)

Plaintiff earlier stated in her Response memorandum that "Montgomery County and the current Montgomery County Sheriff Rob Streck have now filed a Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6)" and that, "[w]hile Phil Plummer is no longer the Montgomery County Sheriff, Phil Plummer is a named Defendant to this lawsuit" and "Sheriff Plummer is named in his individual and official capacities." (Doc. 14 at PAGEID # 95.) In the same memorandum, Plaintiff also stated the following:

> "Defendant Montgomery County and current Sheriff Streck claim Ms. Myers does not allege sufficient facts to show Sheriff Streck's personal involvement. However, Sheriff Streck was not the Sheriff when the alleged conduct occurred and was not named in the Complaint. Instead it was Sheriff Plummer and his conduct, which caused Ms. Myers' constitutional violations. Former Sheriff Plummer, in his individual capacity, was a named defendant to this lawsuit. Yet, Sheriff Plummer has failed to file a Responsive Pleading to the Court."

(*Id*. at PAGEID # 106-07.)

Yet, the Plaintiff's Response memorandum also substantively addresses and argues in

support of preserving her claims against Plummer—both in his official capacity as sheriff <u>and</u> his individual capacity. (*See, e.g.,* Doc. 14 at PAGEID # 94 ("Additionally, Ms. Myers adequately states a claim for relief under § 1983 against former Montgomery County Sheriff Phil Plummer in his individual capacity for failure to train, supervise, and discipline Defendant Villella, failure to provide adequate medical treatment, and failure to prevent harm of inmates. Thus, Defendants' motion should be denied."), PAGEID # 106 ("Ms. Myers adequately states sufficient facts to establish supervisory liability against Sheriff Plummer, in his individual capacity, for Villella's excessive force….").)

The Montgomery County Board of Commissioners and Plummer are represented by the same counsel. (Docs. 3 and 4.) It appears that any confusion regarding which parties bring the Motion and which parties seek dismissal through the Motion is due to Fed. R. Civ. P. 25(d) and its impact on the change in the Montgomery County Sheriff from Plummer to Streck. The <u>Reply</u> memorandum states that "pursuant to Fed. R. Civ. P. 25(d), current Montgomery County Sheriff Rob Streck, the successor in office to named Defendant former Sheriff Plummer, is automatically substituted as a party to this proceeding." However, while a public officer's successor is automatically substituted as a party under Rule 25, a public officer who is sued in his or her <u>individual capacity</u> remains a defendant as to any claims against the public officer in his or her individual capacity. *Gulett v. Haines*, 229 F. Supp. 2d 806, 814 (S.D. Ohio 2002) ("Although Sheriff Vore is automatically substituted to the claim insofar as Sheriff Haines was sued in his official capacity . . . , the same is not true with respect to individual capacity claims."). Rule 25(d) states:

> An action does not abate when a public officer who is a party in an <u>official capacity</u> dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties'

3

> substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Fed. R. Civ. P. 25(d) (emphasis added). Thus, Streck is automatically substituted for Plummer with respect to the official capacity claims against Plummer as Sheriff, but Plummer remains a defendant with respect to <u>individual capacity</u> claims against Plummer.

Again, briefing on the Motion indicates that all parties have treated the Motion as seeking dismissal of all claims against the County (Board) and against Plummer in both his individual and official capacities (with Streck now automatically substituted for Plummer in the official capacity claims against Plummer as sheriff). However, the Court recognizes that, until the Reply memorandum specified that it restated all of the arguments contained within the Motion and that all of the Motion's arguments applied "to both the current and former Sheriff, in all capacities," the Plaintiff may have been under the impression that the Motion was not seeking dismissal of the individual capacity claims against Plummer.

Therefore, before addressing the merits of the Motion and ruling on it, the Court will allow Plaintiff the opportunity to file—if she chooses to do so—a sur-reply memorandum concerning the limited issue of the Motion's request for dismissal of the individual capacity claims against Plummer. *Mirando v. United States Dept. of Treasury*, 766 F.3d 540, 549 (6th Cir. 2014) (trial courts have the discretion to permit a sur-reply); *Gibbons v. McBride*, 124 F. Supp. 3d 1342, 1383 (S.D. Ga. 2015) (one purpose of a sur-reply is to allow a party to address new arguments presented by a party in a reply memorandum).

For the reasons stated above, the Court **ORDERS** that Plaintiff be given leave of 14 days from the date of this Order to file, should she so choose, a sur-reply to the Motion of Defendants Montgomery County Board of County Commissioners and Montgomery County Sheriff Rob Streck to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 12) only on

the limited issue of whether her claims against Defendant Phil Plummer, Montgomery County Sheriff in his <u>individual</u> capacity should be dismissed.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, June 5, 2019.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE